IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-10151-01-WEB |
| ) | |
| MAURICE FRANKLIN, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant was convicted by a jury on September 8, 2004 for possession of a firearm in relation to a crime of violence, felon in possession of a firearm, felon in possession of ammunition, robbery, and carjacking. Defendant was sentenced by this court to a 1242-month term of imprisonment. (Doc. 144). He filed a timely notice of appeal to the United States Court Appeals for the Tenth Circuit, which affirmed the conviction and sentence. (Doc. 178). The matter is before the court now on a motion for evidentiary hearing, a motion for production of security surveillance tapes produced during the trial and Defendant's motion for appointment of counsel. (Docs. 179, 180 and 181). In the motion for evidentiary hearing, he alleges that trial counsel was ineffective for various reasons stated in the motion. (Doc. 179). The court previously denied Defendant's motion for the discovery and inspection of trial video tapes because the court does not have trial video tapes to produce. (Doc. 177). Defendant now asks the court for security surveillance video tapes. (Doc. 180).

Defendant does not state under what rule or statutory authority he brings his motion for evidentiary hearing. Because of the claims of ineffective assistance of counsel, Defendant may have intended the motion to vacate or correct a sentence pursuant to 28 U.S.C. §2255. It is highly

unlikely that Defendant intended to file this motion under Rule 33, a motion for a new trial, because Defendant cites no newly discovered evidence. Rather, Defendant cites evidence in the motion that he previously discussed with his attorney, but that his attorney allegedly never acted upon.

The court intends to treat Defendant's motion for evidentiary hearing as a motion under §2255 unless the Defendant notifies the court to the contrary within thirty days from the date of this order. The court advises the Defendant that if he does not notify the court of his request to amend the motion or withdraw the motion altogether, Defendant's motion for evidentiary hearing will be construed as a §2255 motion. See *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). If Defendant has not replied within thirty days, Defendant will not have the ability to amend the §2255 motion, and any and all motions he files hereafter under §2255 will be construed as successive and can only be filed with permission by the Court of Appeals for the Tenth Circuit. *See Castro v. United States*, 540 U.S. 375, 283, 124 S.Ct. 786, 793, (2003). If Defendant chooses to reply within thirty days and requests to amend the motion under §2255, he must include all claims that can be brought under 28 U.S.C. §2255 and pay the appropriate filing fees. (*Id*). If all claims are not brought under §2255 in Defendant's motion, he is barred from raising arguments at a later date. Finally, Defendant should be aware that he has a one year statute of limitations period listed under §2255 or his claims are barred.

Therefore, Defendant is granted thirty days from the date of this order to file a supplemental response stating whether he wants the court to treat the motion for evidentiary hearing under 28 U.S.C. §2255. If he elects to have this motion considered under §2255, he should state whether he has any other grounds for arguing that his sentence is unlawful, and Defendant should specify any such grounds in his response. Finally, Defendant is required to pay the appropriate filing fees to the

Clerk of the Court at the time of filing.

Accordingly, Defendant has not demonstrated that an evidentiary hearing on his motion would be appropriate at this time and is DENIED. Accordingly, his motion for appointment of counsel is DENIED at this time. The court does not have video surveillance tapes from the time period that includes Defendant's trial, therefore, Defendant's Motion for Order of Videotape of Security Camera in the Courtroom during Trial is DENIED.

IT IS SO ORDERED this 7th Day of November, 2006, at Wichita, KS.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge