IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICAN,
       Plaintiff,

    vs.                           No. 03-10151-01-JTM

MAURICE FRANKLIN, JR.,
       Defendant.


MEMORANDUM AND ORDER


This matter is before the court on the defendant Maurice Franklin's Motion to

Vacate his sentence under 28 U.S.C. § 2255. Franklin argues in his motion (Dkt. 197) that

his sentence was erroneous because a Hobbs Act robbery is not a "crime of violence" for

sentencing purposes. The defendant, acknowledging that his motion was a successive §

2255 motion which could not proceed in the absence of certification by the Tenth Circuit,

moved to stay the case (Dkt. 198) pending resolution of his request for certification.  The

court granted the stay. (Dkt. 199).[1]

---

[1] The defendant has been represented by counsel in presenting his Hobbs Act vagueness argument.
However, he has separately moved for additonal representation in two motions. The first motion merely
states that he wants an attorney because he would "like to have my case reviewed." (Dkt. at 1). The second
motion asks for appointment of counsel to address what defendant only describes as "yet another issue."
(Dkt. 202, at 1). The requests are denied, first, because without any information as to the nature of the issues
Franklin wishes to raise, the court cannot determine whether they have any likelihood of success. More
importantly, as noted above, any such issue cannot be presented by yet another successive § 2255 motion,
absent certification by the Tenth Circuit.

Because it has become apparent no certification is likely to issue, the court hereby dissolves the stay. Indeed, the Tenth Circuit has rejected the premise of the defendant's argument in another case. In *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065-66 (10th Cir. 2018), the court held that Hobbs Act robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A), as it includes the use or threatened use of violent force as an element of the offense.

The court further declines to issue a certificate of appealability, which may be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). However, "[w]ith this controlling precedent [*Meglar-Cabrera*], reasonable jurists could not debate that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)." *United States v. Johnson*, 765 F. App'x 415, 416 (10th Cir. 2019) (declining to issue certificate).

IT IS ACCORDINGLY ORDERED, this day of June, 2019, that the defendant's Motions to Vacate and for Appointment (Dkt. 197, 200, 202) are hereby denied.


s/ *J. Thomas Marten*
J. Thomas Marten, Judge