IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                                         No. 03-10151-1-JTM

MAURICE FRANKLIN, JR.,
         Defendant.

MEMORANDUM AND ORDER

Defendant Maurice Franklin has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that the court may reduce a criminal sentence if there are extraordinary and compelling reasons which warrant such a reduction, and if the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Franklin was convicted in 2005 of three counts of interference with commerce by threats or violence, four counts of brandishing or discharging a firearm during a crime of violence, two counts of felon in possession of ammunition, and one count of carjacking (in violation, respectively, of 18 U.S.C. § 1951, 924(c), 922(g)(1), and 2119), and was sentenced to 1242 months imprisonment. (Dkt. 144). The defendant's convictions and resulting sentence were affirmed on appeal, *United States v. Franklin*, 195 Fed.Appx. 730 (10th Cir. 2006), and defendant's subsequent collateral attacks on his conviction have been denied. (Dkt. 189, 203).

In the present motion, Franklin argues that his sentence should be reduced in light of the First Step Act's elimination of the "stacking" rule for 18 U.S.C. § 924(c) offenses. That rule provided that contemporaneous convictions for § 924(c) offenses were subject to that statute's multiplier for successive offense. If the defendant was sentenced for the same crime today, he would have received a sentence of 630 months, rather than the 1242 months actually imposed in 2005.

In response, the government argues that pursuant to 28 U.S.C. § 994(a)(2)(C), 28 U.S.C. § 994(t) and 18 U.S.C. § 3582(c)(1)(A), only the Sentencing Commission, and not the courts, can determine what are "extraordinary and compelling reasons" for a sentencing reduction, and that under the statutes only the Bureau of Prisons (BOP) can appropriately define such circumstances. It further notes that stacked § 924(c) sentences have been determined to be constitutional. *See United States v. Angelos*, 433 F.3d 738 (2006), and stresses that Congress expressly made the change to § 924(c) sentences prospective only.

This court has previously held that First Step Act's radically different sentencing scheme may present indeed an "extraordinary and compelling reason" for reducing a sentence under § 3582. *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020). As the court determined in that case, while the elimination of the stacking rule was not expressly made retroactive, this meant that the court retained the discretion to determine—on a case-by-case basis—whether a reduction should occur. Other courts similarly have determined that the First Step Act empowers

district courts to reduce sentences where necessary to avoid unwarranted disparities. *See United States v. Stewart*, No. 98-40097-01-SAC, 2020 WL 4260637 (D. Kan. July 24, 2020); *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) *United States v. Beck*, 425 F. Supp. 3d 573, 577-80 (M.D.N.C. 2019); *United States v. Urkevich*, 2019 WL 6037391, at *3 (D. Neb. 2019); *United States v. Cantu*, 423 F.Supp.3d 345, 349-53 (S.D. Tex. 2019). The conclusion that district courts are not constrained by the BOP's definition of "extraordinary and compelling circumstances reflects the "growing consensus of courts across the country." *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6 (W.D. Pa. May 29, 2020).

Franklin engaged in serious and violent criminal conduct. But while the 630 months sentence proposed by Franklin represents a substantial reduction from his original sentence, it still reflects extremely severe punishment. Even under the reduced sentence, Franklin will serve over 52 years in prison. The court finds that such a sentence is consistent with 18 U.S.C. § 3553(a) and that a reduction is warranted.

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Compassionate Release (Dkt. 218) is hereby granted such that his term of imprisonment is hereby reduced to 630 months.

*J. Thomas Marten*
J. Thomas Marten, Judge