IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                No. 03-10151-1-JTM

MAURICE FRANKLIN, JR.,
    Defendant.

MEMORANDUM AND ORDER

Defendant Maurice Franklin has moved to vacate his sentence under 28 U.S.C. § 2255. Franklin was convicted in 2005 of three counts of interference with commerce by threats or violence, four counts of brandishing or discharging a firearm during a crime of violence, two counts of felon in possession of ammunition, and one count of carjacking (in violation, respectively, of 18 U.S.C. § 1951, 924(c), 922(g)(1), and 2119), and was sentenced to 1242 months imprisonment. (Dkt. 144). The defendant's convictions and resulting sentence were affirmed on appeal, *United States v. Franklin*, 195 Fed.Appx. 730 (10th Cir. 2006), and defendant's subsequent collateral attacks on his conviction have been denied. (Dkt. 189, 203). Defendant's sentence was subsequently reduced to a total term of 630 months. (Dkt. 224).

Franklin argues in his motion that his sentence is unlawful in light of *Rehaif v. United States*, 139 S.Ct. 2191 Syl. (2019), which held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." This court,

however, has no jurisdiction to grant the relief sought, given Franklin's two prior motions (both denied by the court) for relief under § 2255. (Dkt. 186, and 197). Under 28 U.S.C. § 2255(h), this court is without jurisdiction to entertain the merits of a second and successive motion, unless and until the Tenth Circuit grants the proper authorization. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Nor can the court transfer the matter to the Tenth Circuit for such authorization. Such a transfer may take place in the court's discretion if there is a reasonable prospect that the authorization would be granted. The Tenth Circuit, however, has not determined that *Rehaif* is to be retroactively applied as new rule of constitutional law, and the strong weight of authority is that *Rehaif* was a question of statutory interpretation, and thus is not accorded retroactive application. *See Mata v. United States*, No. 20-1875, 2020 WL 4515780, at *2 (2d Cir. Aug. 6, 2020) (non-retroactivity is "the uniform view of other courts of appeals that have addressed this question").This court expressly adopted this conclusion in two separate decisions. *See United States v. Gulley*, No. 15-10055-1-JTM, 2020 WL 4815947 (D. Kan. Aug. 19, 2020); *United States v. Grigsby*, No. 12-10174-JTM, 2019 WL 3302322, at *1 (D. Kan. July 23, 2019).

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the defendant's Motion to Vacate (Dkt. 225) is hereby dismissed.

*J. Thomas Marten*
J. Thomas Marten, Judge