IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 03-10151 -JWB

MAURICE FRANKLIN, JR.,

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion for leave to file an appeal out of time. (Doc. 228.) Defendant's motion is DISMISSED FOR LACK OF JURISDICTION for the reasons state herein.

Defendant was convicted in 2005 of three counts of interference with commerce by threats or violence, four counts of brandishing or discharging a firearm during a crime of violence, two counts of felon in possession of ammunition, and one count of carjacking (in violation, respectively, of 18 U.S.C. § 1951, 924(c), 922(g)(1), and 2119), and was sentenced to 1,242 months imprisonment. (Doc. 144). Defendant's convictions and resulting sentence were affirmed on appeal, *United States v. Franklin*, 195 F. App'x. 730 (10th Cir. 2006), and Defendant's subsequent collateral attacks on his conviction have been denied. (Docs. 189, 203). On August 14, 2020, Defendant filed a motion for reduction of sentence that was granted in part. In accordance with the order, Defendant's sentence was reduced to 630 months. (Doc. 224.)

Defendant now seeks to file an appeal out of time on the basis that he had ineffective assistance of counsel at trial and that he is actually innocent of his crimes based on newly discovered evidence. Defendant further asserts a *Giglio/Napue* violation in light of this new

1

evidence.  (Doc. 228 at 1-2.)  *See Douglas v. Workman*, 560 F.3d 1156, 1192 (10th Cir. 2009) (discussing that a *Giglio/Napue* violation occurs when the prosecutor knowingly presents false testimony).  Based on Defendant's pro se filing, he contends that a government witness, Melvin Simpson, presented false testimony.  Defendant states that Simpson lied under oath when he testified that he was not being compensated for his testimony nor was he offered any type of deal by the government.  Defendant claims that the new evidence consists of a handwritten letter by Simpson to a district attorney in which he speaks of his "freedom and his compensation" and made demands regarding the agreement he entered into with the district attorney.  (*Id.* at 2.)  Simpson also allegedly wrote Defendant and recanted his testimony.  Defendant also states that he is obtaining additional affidavits that will contradict Mr. Simpson's testimony that he was housed in the same cell as Defendant.  Defendant contends that a new trial is warranted, his conviction should be forfeited, and the counts "centering around Mr. Simpson be dismissed."  (*Id.* at 3.)

Although Defendant's motion is one for leave to file an appeal out of time, it is construed as a second or successive 2255 motion because he is asserting claims of error in his convictions and challenging his underlying convictions.  *United States v. Williams*, 790 F.3d 1059, 1067-68 (10th Cir. 2015).  As the court has previously pointed out, Section 2255(h) provides in part that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.  (Doc. 227 at 2) (citing 28 U.S.C. § 2255(h)).  Absent such authorization, a district court has no jurisdiction to consider a second or successive § 2255 motion.  *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).  Defendant has not obtained the proper certification from the Tenth Circuit.

While the court may transfer the motion in its discretion if there is a reasonable prospect that the authorization would be granted, such transfer would be inappropriate here. To obtain authorization, Defendant must set forth "new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner." *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019); *see also* 28 U.S.C. § 2255(h). Defendant has not made such a showing. First, although Defendant claims to have evidence of Simpson's false testimony in the form of letters, Defendant has failed to attach those letters as evidence. Second, and more importantly, Simpson was not the only witness to Defendant's crimes of conviction. Defendant's convictions were the result of four separate incidents. Simpson only testified as to the robbery involving the Strains and Simpson was not the only witness to those crimes. *Franklin*, 195 F. App'x at 732-36. Rather, Mr. Strain also testified that Defendant was the perpetrator of that robbery. Defendant also implicated himself in the robbery by denying that he called Mr. Strain by his nickname while he was being questioned by police regarding the robbery. *Id.* at 733. Therefore, Defendant has not shown that it is more likely than not that no reasonable juror would have convicted him of his crimes.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 228) is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED. Dated this 23rd day of July, 2021.

                                                       s/ John W. Broomes
                                                       JOHN W. BROOMES
                                                       UNITED STATES DISTRICT JUDGE