IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 03-10151 -JWB

MAURICE FRANKLIN, JR.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's pro se motion to appoint counsel. (Doc. 232.) Defendant's motion is DENIED for the reasons state herein.

Defendant was convicted in 2005 of three counts of interference with commerce by threats or violence, four counts of brandishing or discharging a firearm during a crime of violence, two counts of felon in possession of ammunition, and one count of carjacking (in violation, respectively, of 18 U.S.C. § 1951, 924(c), 922(g)(1), and 2119), and was sentenced to 1,242 months imprisonment. (Doc. 144.) Notably, several other counts, including attempted Hobbs Act robbery in violation of § 1951 and the related 924(c) count, were dismissed by the court upon motion of the government. (Doc. 130.) Defendant's convictions and resulting sentence were affirmed on appeal, *United States v. Franklin*, 195 F. App'x. 730 (10th Cir. 2006), and Defendant's subsequent collateral attacks on his conviction have been denied. (Docs. 189, 203, 227.) On August 14, 2020, Defendant filed a motion for compassionate release that was granted in part. In accordance with the order, Defendant's sentence was reduced to 630 months. (Doc. 224.)

Defendant now moves for the court to appoint counsel to assist him in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). In *Taylor*, the Court held that

1

attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). Defendant claims that *Taylor* is applicable to his sentence because he has a § "924 conviction predicated upon attempted Hobbs Act robbery." (Doc. 232.) Defendant makes no further argument in his motion. Contrary to Defendant's position, he does not have a § 924(c) conviction predicated upon an *attempted* Hobbs Act robbery. Rather, his four § 924(c) convictions are based on three convictions of Hobbs Act robbery, not attempted robbery, and one conviction of carjacking. (Docs. 61, 144.) Therefore, the decision in *Taylor* is not relevant to Defendant's requested relief. *See United States v. Hopkins*, No. 20-5086, 2022 WL 2610345, at *7, n 9 (10th Cir. July 8, 2022) (citing *Taylor*, 142 S. Ct. at 2020)).

IT IS THEREFORE ORDERED that Defendant's motion for counsel is DENIED. IT IS SO ORDERED. Dated this 23rd day of August 2022.

　　　　　　　　　　　　　　　　　　　　s/ John W. Broomes  
　　　　　　　　　　　　　　　　　　　　JOHN W. BROOMES  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE