IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 03-10151-01-JWB

MAURICE FRANKLIN, JR.,

Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's pro se motion to appoint counsel. (Doc. 234.) Defendant's motion is DENIED IN PART and DISMISSED FOR LACK OF JURISDICTION IN PART for the reasons state herein.

### I.    Background

Defendant was convicted in 2005 of three counts of interference with commerce by threats or violence (Hobbs Act robbery), four counts of brandishing or discharging a firearm during a crime of violence (i.e., the Hobbs Act robberies and carjacking), two counts of felon in possession of ammunition, and one count of carjacking (in violation, respectively, of 18 U.S.C. §§ 1951, 924(c), 922(g)(1), and 2119), and was sentenced to 1,242 months imprisonment. (Doc. 144.) Defendant's convictions and resulting sentence were affirmed on appeal, *United States v. Franklin*, 195 F. App'x. 730 (10th Cir. 2006), and Defendant's subsequent collateral attacks on his conviction have been denied. (Docs. 189, 203, 227.) Defendant's sentence was later reduced to 630 months after the court granted his motion for compassionate release. (Doc. 224.)

On May 20, 2016, Defendant filed a petition for permission to file a successive § 2255 motion with the Tenth Circuit. (Doc. 194.) Defendant's proposed § 2255 motion challenged his

1

§ 924 convictions on the basis that Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s force clause and that § 924(c)'s residual clause was unconstitutionally vague under *Johnson v. United States*, 576 U.S. 591 (2015).  On June 24, 2016, Defendant filed his motion to vacate under § 2255 in this court and also moved to stay the proceedings pending a ruling by the Tenth Circuit.  (Docs. 197, 198.)  The court granted the motion to stay.  (Doc. 199.) While the motion remained pending with the Tenth Circuit, the Supreme Court issued an opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidating the residual clause of § 924(c)(3)(B). On June 24, 2019, Judge Marten lifted the stay on the § 2255 motion after finding that no certification was likely to issue and ruled on the merits of Defendant's § 2255 motion.  (Doc. 203.) Judge Marten held that Defendant was not entitled to relief because Hobbs Act robbery "categorically qualifies as a 'crime of violence' under § 924(c)(3)(A), as it includes the use or threatened use of violent force as an element of the offense."  (*Id.* at 2.)  In October 2019, Defendant filed a supplemental brief with the Tenth Circuit in which he conceded that he would be unable to obtain relief under *Davis* because his convictions of Hobbs Act robbery and carjacking constitute crimes of violence under § 924(c)'s elements clause as they both require proof of the use, attempted use, or threatened use of physical force.  (Resp. to Order to Supplement, *United States v. Franklin*, Case No. 16-3130 (10th Cir.).)

On January 8, 2020, the Tenth Circuit granted Defendant leave to file a second or successive § 2255 motion challenging his § 924(c) convictions and sentence under *Davis*.  (Doc. 208 at 2.)  The court of appeals noted that defense counsel indicated in his supplemental filing that the motion should be denied because Defendant ultimately would not be successful on the merits of his *Davis* claim.  (*Id.* at 2.)  The court stated that it does not consider the merits of a second or successive motion in assessing whether it meets the statutory standard.  (*Id.*)  However, the court

of appeals noted that Defendant could "opt not to file the authorized § 2255 motion if he no longer believes that he has a meritorious basis for relief." (*Id.*)  There is no indication that the Tenth Circuit was aware of Judge Marten's order denying the § 2255 motion on the merits six months earlier.

Subsequently, Defendant filed a § 2255 motion (Doc. 225).  In that motion, Defendant argued that the government failed to meet its burden to show that Defendant knew of his status as a prohibited person as set forth in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  Defendant's motion was denied (Doc. 227) and he did not timely appeal that decision.  On October 19, 2021, the Tenth Circuit denied Defendant's motion to file a second or successive § 2255 motion in which Defendant argued that he had obtained newly discovered evidence regarding false testimony presented at his trial.  (Doc. 231 at 2.)

## II.      Analysis

Defendant now moves for the court to appoint counsel to assist him in light of the Supreme Court's decision in *Davis.*  Defendant argues that *Davis* is a new, substantive rule that is applicable to his case and results in him being innocent of his convictions.  (Doc. 234 at 1.)  Defendant spends several pages arguing about *Davis* while failing to address Judge Marten's prior ruling and the Tenth Circuit's prior authorization more than two years ago.  Defendant also attached an "Affidavit of Truth" to his motion which further argues his sentence is unlawful in light of *Rehaif*.

Although Defendant's motion is one for appointment of counsel, it is also construed as a second or successive § 2255 motion because he is asserting claims of error in his convictions and challenging his underlying convictions.  *United States v. Williams*, 790 F.3d 1059, 1067–68 (10th Cir. 2015).  As the court has previously pointed out, Section 2255(h) provides in part that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court

3

of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.  (Doc. 227 at 2) (citing 28 U.S.C. § 2255(h)).  Absent such authorization, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).

With respect to his claim concerning *Davis*, Defendant was granted authorization by the Tenth Circuit to file a § 2255 challenging his § 924(c) convictions in light of *Davis*.  (Doc. 208.) Therefore, the court has jurisdiction over his motion to address this limited issue.  There are several problems with Defendant's claim, however, the first being that it is untimely.  Under 28 U.S.C. § 2255(f), Defendant has one year to bring claims under § 2255.  That date runs from the latest of certain actions.  *See id*.  Here, however, there is no dispute that Defendant was authorized to file his motion over two years ago.  Therefore, his motion is untimely and he offers no explanation for his delay.  Second, Judge Marten has already denied Defendant's claim concerning his convictions under § 924(c).  Finally, Defendant's arguments fail on the merits.

Although *Davis* invalidated the residual clause under § 924(c), the elements clause remains.  Therefore, to prevail, Defendant "must establish that his conviction[s] cannot be sustained under § 924(c)'s elements clause."  *United States v. Baker*, 49 F.4th 1348, 1355 (10th Cir. 2022).  Defendants' § 924(c) convictions are predicated on three counts of Hobbs Act robbery and one count of carjacking.  Binding Tenth Circuit precedent holds that Hobbs Act robbery is categorically a crime of violence under the elements clause in § 924(c)(3)(A).  *Baker,* 49 F.4th at 1357-59; *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-61, 1060 n.4, 1065 (10th Cir. 2018).  The Tenth Circuit has also repeatedly held that "carjacking is categorically a crime of violence under § 924(c)(3)."  *United States v. Nelson*, 801 F. App'x 652, 661 (10th Cir. 2020) (citing *United States v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999) ("The substantive offense of

carjacking is always a crime of violence because § 2119 requires taking or attempting to take a vehicle by force and violence or by intimidation, and the crime of carjacking carries with it a substantial risk of the use of physical force.")  Reasonable jurists could therefore not debate that Defendant's § 924(c) convictions remain valid after *Davis*.

With respect to his claim under *Rehaif*, Defendant has not obtained the proper certification from the Tenth Circuit.  Therefore, the court lacks jurisdiction to consider any argument challenging his convictions under *Rehaif*.  While the court may transfer the motion in its discretion if there is a reasonable prospect that the authorization would be granted, such transfer would be inappropriate here.  Defendant cannot raise a *Rehaif* claim in a successive § 2255 motion.  *United States v. Scuderi*, 842 Fed. App'x 304, 305 (10th Cir. 2021) ("*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals.")  Moreover, to the extent his motion includes any additional arguments outside of the limited issue raised concerning *Davis*, the court lacks jurisdiction to consider them.

### III.    Conclusion

Defendant's motion seeking appointment of counsel is DENIED.  Defendant's motion challenging his convictions (Doc. 234) is DENIED IN PART and DISMISSED FOR LACK OF JURISDICTION IN PART.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED.  Dated this 9th day of  December 2022.

___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE